IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

      v.

ITUTORGROUP, INC.;
TUTOR GROUP LIMITED; and
SHANGHAI PING'AN INTELLIGENT
EDUCATION TECHNOLOGY CO., LTD.

                Defendants.
-------------------------------------------------------x

Civil Action No. 1:22-cv-2565

AMENDED COMPLAINT

JURY TRIAL DEMANDED

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Charging Party Wendy Pincus and a class of similarly aggrieved individuals who were denied employment as tutors because of their age. As alleged with greater particularity in paragraphs 12-19 below, Defendants—providers of English-language tutoring services to students in China under the "iTutorGroup" brand name—programmed their application software to automatically reject female applicants over the age of 55 and male applicants over the age of 60. In early 2020, Defendants failed to hire Charging Party Wendy Pincus and more than 200 other qualified tutor applicants age 55 and older from the United States because of their age.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),

which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant iTutorGroup, Inc. ("iTutorUSA"), a Delaware corporation, has continuously been doing business in the State of New York and the City of New York.

5. At all relevant times, Defendant Shanghai Ping'An Intelligent Education Technology Co., Ltd. ("Shanghai Ping"), a Shanghai corporation, has continuously been doing business in the State of New York and the City of New York.

6. At all relevant times, Defendant Tutor Group Limited ("Tutor Group"), a Hong Kong, S.A.R. corporation, has continuously been doing business in the State of New York and the City of New York, and has continuously had at least 20 employees.

7. At all relevant times, Defendants iTutorUSA, Shanghai Ping, and Tutor Group (collectively, "Defendants") have continuously been employers engaged in an industry affecting commerce under Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

8. At all relevant times, Defendants have operated as an integrated enterprise or

single employer by virtue of their common management, the interrelationship of their operations, the centralized control over their employees, and their common ownership.

9. At all relevant times, Defendants, as an integrated enterprise or single employer, have continuously had at least 20 employees.

10. In the alternative, at all relevant times, Defendants iTutorUSA and Shanghai Ping have procured employees for employer Tutor Group and have been employment agencies within the meaning of Section 11(c) of the ADEA, 29 U.S.C. § 630(c).

## CONCILIATION

11. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b) with all Defendants.

## STATEMENT OF CLAIMS

12. Defendants hire tutors from the United States and other countries to provide online English-language tutoring to adults and children in China under the "iTutorGroup" brand name.

13. At all relevant times, Defendants have operated as an integrated enterprise or single employer. For example:

    a. All Defendants are owned and/or controlled by Ping An Insurance (Group) Company of China, Ltd.

    b. iTutorUSA is an affiliate of both Shanghai Ping and Tutor Group.

    c. Defendants share human resources employees.

    d. Tutor Group contracts with tutors for their services.

    e. Tutor Group holds the copyright for the website used to apply for tutoring positions.

    f. Shanghai Ping owns, maintains, and controls the online tutor application system and implemented the automatic age-based rejection of applicants.

    g. iTutorUSA was also responsible for the tutor application system and the implementation of the age-based rejections.

14. Defendants hire thousands of tutors each year from the United States.

15. Tutors teach from their homes or other remote locations.

16. The only qualification needed to be hired as a tutor for Defendants is a bachelor's degree.

17. Defendants exercise extensive control over tutors and are therefore employers of the tutors they hire. That control includes but is not limited to the following:

    a. Tutors must use Defendants' lessons plans, which are PowerPoint presentations detailing all aspects of the lesson from content to timing. The lesson plans include specific multiple-choice questions to be asked of students, answers to those questions, exact dialogue to be practiced, and the number of minutes to be spent on each slide.

    b. Defendants have the right to videotape every tutoring session and review those recordings to monitor tutors.

    c. All tutors must take initial training before beginning to work as tutors; Defendants compel under-performing tutors to take additional remedial training.

    d.  Tutors must submit a fixed schedule of their weekly availability to tutor that can be changed only once a month. The schedule must include at least six hours of availability during the parts of the day when demand for Defendants' tutoring services is highest.

    e.  Tutors who miss or are late for assigned tutoring sessions are subject to termination.

    f.  Tutors are paid on an hourly basis and sign a six-month-long, automatically renewing contract.

    g.  Defendants provide the software that tutors must use to tutor.

18.  Defendants receive tutor applications through their website.

19.  From late March 2020 until early April 2020, Defendants engaged in unlawful employment practices in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a) and (b). These unlawful practices included but are not limited to the following:

    a.  Defendants' online application solicited the birthdates of applicants.

    b.  Defendants intentionally discriminated against older applicants because of their age by programming their tutor application software to automatically reject female applicants age 55 or older and male applicants age 60 or older.

    c.  On or about March 29, 2020, Charging Party applied using her real birthdate and was immediately rejected because she was over the age of 55.

    d.  On or about March 30, 2020, Charging Party applied using a more recent date of birth and otherwise identical application information and was offered an interview.

  e. Defendants automatically rejected more than 200 other applicants age 55 and over from the United States because of their age.

  f. Charging Party and the more than 200 other older applicants rejected because of their age all had bachelor's degrees (or higher degrees).

20. The effect of the practices complained of in paragraphs 12-19 above has been to deprive Charging Party Wendy Pincus and other older applicants rejected because of their age of equal employment opportunities and otherwise adversely affect their status as applicants for employment because of their age.

21. The unlawful employment practices complained of in paragraphs 12-19 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminate on the basis of age, including, but not limited to, denying employment on the basis of age.

B. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for individuals 40 years of age and older, and that eradicate the effects of their past and present unlawful employment practices.

C. Grant a judgment requiring Defendants to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of

above, including but not limited to, Charging Party and other similarly aggrieved individuals age 55 and older who were not hired because of their age.

D. Order Defendants to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of their unlawful practices, including but not limited to, instatement of, or front pay in lieu of instatement for, individuals denied employment because of their age.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: August 3, 2022

                                            Respectfully Submitted,

                                            CHRISTOPHER LAGE
                                            Deputy General Counsel

                                            GWENDOLYN YOUNG REAMS
                                            Associate General Counsel

                                            EQUAL EMPLOYMENT OPPORTUNITY
                                            COMMISSION
                                            131 M Street, NE
                                            Washington, DC 20507

                                            JEFFREY R. BURSTEIN
                                            Regional Attorney
                                            jeffrey.burstein@eeoc.gov

                                            NORA E. CURTIN
                                            Supervisory Trial Attorney
                                            nora.curtin@eeoc.gov

                                            /s/ Daniel Seltzer
                                            _____

        DANIEL SELTZER
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004
(929) 506-5308(p)
(212) 336-3623 (f)
daniel.seltzer@eeoc.gov