UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        *Plaintiff,*

    -vs-

ITUTORGROUP, INC., TUTOR GROUP LIMITED, and SHANGHAI PING'AN INTELLIGENT EDUCATION TECHNOLOGY CO. LTD.,

        *Defendants.*

---

Case No.: 1:22-cv-2565--PKC-PK

**JURY TRIAL DEMANDED**

## AMENDED ANSWER & AFFIRMATIVE DEFENSES OF ITUTORGROUP, INC. AND TUTOR GROUP LIMITED
## --AND --
## ANSWER & AFFIRMATIVE DEFENSES OF SHANGHAI PING'AN INTELLIGENT EDUCATION TECHNOLOGY CO. LTD.

Defendants Itutorgroup, Inc. ("ITG"), Tutor Group Limited ("TGL"), and Shanghai Ping'an Intelligent Education Technology Co. Ltd. ("SPIET") (with ITG, TGL, and SPEIT each being a "Defendant" and collectively the "Defendants"), by and through their undersigned counsel, hereby answers the First Amended Complaint (ECF Docket # 8; the "FAC") filed by the Equal Employment Opportunity Commission ("EEOC") herein as follows:

### NATURE OF THE ACTION

Defendants deny the allegations contained in this unnumbered section of the FAC.

### JURISDICTION AND VENUE

1. Defendants deny the allegations contained in this paragraph of the FAC.

2. Defendants deny the allegations contained in this paragraph of the FAC.

### PARTIES

3. Defendants deny the allegations contained in this paragraph of the FAC.

4. Defendants deny the allegations contained in this paragraph of the FAC.

5. Defendants deny the allegations contained in this paragraph of the FAC.

6. Defendants deny the allegations contained in this paragraph of the FAC.

7. Defendants deny the allegations contained in this paragraph of the FAC.

8. Defendants deny the allegations contained in this paragraph of the FAC.

9. Defendants deny the allegations contained in this paragraph of the FAC.

10. Defendants deny the allegations contained in this paragraph of the FAC.

## CONCILIATION

11. Defendants deny the allegations contained in this paragraph of the FAC and further assert that the EEOC did not attempt to appropriately conciliate the matter.

## STATEMENT OF CLAIMS

12. Defendants deny the allegations contained in this paragraph of the FAC.

13. Defendants deny the allegations contained of this paragraph of the FAC, including, but not limited to, each of this paragraph's sub-paragraphs.

14. Defendants deny the allegations contained in this paragraph of the FAC.

15. Defendants deny knowledge or information sufficient to admit or deny the allegations contained in this paragraph of the FAC and as such, the allegations are therefore denied.

16. Defendants deny the allegations contained in this paragraph of the FAC.

17. Defendants deny the allegations contained of this paragraph of the FAC, including, but not limited to, each of this paragraph's sub-paragraphs.

18. Defendants deny the allegations contained in this paragraph of the FAC.

19. Defendants deny the allegations contained of this paragraph of the FAC, including, but not limited to, each of this paragraph's sub-paragraphs.

20. Defendants deny the allegations contained in this paragraph of the FAC.

21. Defendants deny the allegations contained in this paragraph of the FAC

## EEOC'S PRAYER FOR RELIEF

Defendants deny the allegations contained in this paragraph of the FAC including, but not limited to, each of this paragraph's sub-paragraphs and further deny that the EEOC is entitled to the relief sought. Defendants respectfully submits that the SAC should be dismissed in its entirety, with judgment being awarded to all Defendants, together with attorneys' fees, costs, and such other and further relief as this Court deems just and proper.

## ANY AND ALL OTHER ALLEGATIONS

To the extent that any allegation set forth in the Complaint has not been addressed directly herein, whether because such allegation was enumerated or not, was inadvertently missed, or was otherwise not addressed above, it is not the intent of Defendants to admit such allegation, but rather each and every allegation in the SAC that is not expressly and specifically admitted herein is hereby deemed expressly denied.

## AFFIRMATIVE DEFENSES

## INTRODUCTION TO THE AFFIRMATIVE DEFENSES

Under the law, it is the EEOC's burden to prove most of the issues raised in the affirmative defenses set forth below. It is Defendants' intent to preserve, and not waive, its legal position that EEOC maintains the burden of proof on these issues. The designation of the following as affirmative defenses should not be construed as an admission by Defendants that the burden of proof or burden of persuasion has been met, as such burden will ultimately be determined according to the applicable legal standards. Furthermore, all such defenses are plead in the alternative, and are not intended to be, and do not constitute, an admission of liability, that the

3

EEOC is entitled to any relief, or that the EEOC has adequately plead any claim whatsoever. Defendants reserve the right to raise additional affirmative defenses as they become known to Defendants through discovery or investigation.

1. *First Affirmative Defense*. The Complaint and the claims for relief asserted therein are barred, in whole or in part, as the Complaint fails to state a claim upon which relief may be granted.

2. *Second Affirmative Defense*. The Complaint and the claims for relief asserted therein are barred, in whole or in part, by the doctrine of release, as such individuals have released some or all of the claims against Defendants belonging to such individuals.

3. *Third Affirmative Defense*. The Complaint and the claims for relief asserted therein are barred, in whole or in part, as such individuals have agreed to arbitrate some or all of their claims against the Defendants and therefore are not entitled to participate in this action.

4. *Fourth Affirmative Defense*. The Complaint and the claims for relief asserted therein are barred, in whole or in part, by the applicable statutes of limitations.

5. *Fifth Affirmative Defense*. The Complaint and the claims for relief asserted therein are barred, in whole or in part, as the requested relief is not available under the purportedly applicable statutes or is otherwise inappropriate under such statutes.

6. *Sixth Affirmative Defense*. The Complaint and the claims for relief asserted therein are barred, in whole or in part, as such individuals failed to meet the applicable deadlines, including, but not limited to, claim filing deadlines and/or otherwise failed to exhaust such individual's administrative remedies as required by the applicable law.

7. *Seventh Affirmative Defense*. The Complaint and the claims for relief asserted therein are barred, in whole or in part, as such individuals failed to comply with the conditions

precedent and/or judicial prerequisites concerning the filing of an action under the applicable law, including but not limited to conciliating in good faith.

8. *Eighth Affirmative Defense*.  The Complaint and the claims for relief asserted therein are barred, in whole or in part, as matters that were not reasonably within the scope of the charge filed with the EEOC (or a state or local agency), and as such, the Court lacks jurisdiction with respect to any such matters and/or otherwise cannot proceed to adjudicate any such matters.

9. *Ninth Affirmative Defense*.  The Complaint and the claims for relief asserted therein are barred, in whole or in part, as Defendants had legitimate, non-discriminatory, and non-retaliatory business reasons (which were not pretextual) for all actions taken and complained of herein.

10. *Tenth Affirmative Defense*.  The Complaint and the claims for relief asserted therein are barred, in whole or in part, given that Defendants had in place one or more policies to prevent age discrimination and made good-faith efforts to implement and enforce that policy.

11. *Eleventh Affirmative Defense*.  The Complaint and the claims for relief asserted therein on are barred, in whole or in part,  as such individuals failed to avoid harm that could have been avoided with reasonable effort. Defendants, at all material times, had a suitable anti-discrimination policy in effect and exercised reasonable care to prevent all discrimination and such individuals unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendants.

12. *Twelfth Affirmative Defense*.  The Complaint and the claims for relief asserted therein are barred, in whole or in part, because Defendants did not breach (and acted in accordance with) any and all duties or obligations of any kind arising from common law, statute, regulation, rules, contract, tort, or otherwise, at all times acted in good faith and engaged in no willful

misconduct while fulfilling and discharging Defendants' duties and obligations.

13. *Thirteenth Affirmative Defense*.  The Complaint and the claims for relief asserted therein on behalf of the individuals Plaintiff seeks to represent are barred, in whole or in part, because any allegedly adverse action was based on one or more reasonable factors (other than age) that were legitimate, non-discriminatory, and non-retaliatory reasons (which were not pretextual) for all actions taken and complained of herein.

14. *Fourteenth Affirmative Defense*.  The Complaint and the claims for relief asserted therein are barred, in whole or in part, as such individuals failed to mitigate or make reasonable efforts to mitigate their alleged damages.

15. *Fifteenth Affirmative Defense*.  The Complaint and the claims for relief asserted therein are barred, in whole or in part, are speculative, inappropriate under the facts of this action and/or unavailable as a matter of law.

16. *Sixteenth Affirmative Defense*.  The Complaint and the claims for relief asserted therein are barred, in whole or in part, as the damages sought exceed any permissible recovery and are exemplary, punitive, and/or liquidated damages in nature, which are impermissible. Furthermore, any award of punitive, exemplary, or liquidated damages is barred, as these damages violate due process, the equal protections provisions of the United States, and applicable state constitutions.

17. *Seventeenth Affirmative Defense*.  The Complaint and the claims for relief asserted therein are barred, in whole or in part, as Defendants are entitled to a set off credit against the alleged damages of the individuals received from any sources whatsoever with respect to the issues or timeframe covered by this suit.

18. *Eighteenth Affirmative Defense*.  The Complaint and the claims for relief asserted

therein are barred, in whole or in part, as discovery in this action will provide additional evidence that will support Defendants' actions for reasons independent and exclusive of those that led to the purported actions complained of herein by the EEOC.

19. *Nineteenth Affirmative Defense*. The Complaint and the claims for relief asserted therein are barred, in whole or in part, as the actions that were purportedly taken by the Defendants would have taken place notwithstanding such persons' age.

20. *Twentieth Affirmative Defense*. The Complaint and the claims for relief asserted therein are barred, in whole or in part, due to a lack of standing.

21. *Twenty-First Affirmative Defense*. Defendants were not properly served and as such, the Court does not have personal jurisdiction over the Defendants.

22. *Twenty-Second Affirmative Defense*. The Complaint and the claims for relief asserted therein are barred, in whole or in part, as such individuals have an adequate and complete remedy at law.

23. *Twenty-Third Affirmative Defense*. The Complaint and the claims for relief asserted therein are barred, in whole or in part, by laches, acquiescence, and/or waiver.

24. *Twenty-Fourth Affirmative Defense*. The Complaint and the claims for relief asserted therein are barred, in whole or in part, by the doctrine of unclean hands.

25. *Twenty-Fifth Affirmative Defense*. The Complaint and the claims for relief asserted therein are barred, in whole or in part, by the doctrine of estoppel, including but not limited to promissory estoppel, collateral estoppel, equitable estoppel, and/or res judicata.

26. *Twenty-Sixth Affirmative Defense*. The Complaint and the claims for relief asserted therein are barred, in whole or in part, as Defendants did not engage in willful or intentional conduct, nor did Defendants engage in any practice with malice, ill will, fraud, oppression, reckless

indifference, or any other improper motive to the rights of anyone else.

27. *Twenty-Seventh Affirmative Defense*.  The Complaint and the claims for relief asserted therein are barred, in whole or in part, as such individuals were independent contractors, not employees, and as such, the antidiscrimination laws do not apply ("People who are not employed by the employer, such as independent contractors, are not covered by the anti-discrimination laws." See https://www.eeoc.gov/employers/coverage-0 ).

28. *Twenty-Eighth Affirmative Defense*.  The Complaint and the claims for relief asserted therein are barred, in whole or in part, as such individuals are not "employees" within the applicable law.

29. *Twenty-ninth Affirmative Defense*.  The Complaint and the claims for relief asserted therein are barred, in whole or in part, as Defendants are not "employers" or "joint employers" pursuant to applicable law.

30. *Thirtieth Affirmative Defense*.  The Complaint and the claims for relief asserted therein are barred, in whole or in part, as Defendants is not responsible for any conduct of its employees or agents taken outside of their responsibility.

31. *Thirty-First Affirmative Defense*.  The Complaint and the claims for relief asserted therein are barred, in whole or in part, because any action taken by Defendants was based on a bona fide occupational qualification.

32. *Thirty-Second Affirmative Defense*.  The Complaint and the claims for relief asserted therein are barred, in whole or in part, because aspects of the implementing laws are unconstitutional, as such laws violate due process and fail to provide equal protection.

33. *Thirty-Third Affirmative Defense*.  The Complaint and the claims for relief asserted therein are barred, in whole or in part, because Defendants did not unlawfully discriminate against

such individuals on the basis of any protected characteristic, including race, age, national origin, religion, gender, or participation in protected activity.

34.     *Thirty-Fourth Affirmative Defense*.  The Complaint and the claims for relief asserted therein are barred, in whole or in part, as such individuals were not subject to the discrimination laws in the United States and even such individuals were subject to the discrimination laws of the United States, Defendants are exempt due to the foreign laws defense set forth in 29 USC § 623(f) and other similar applicable law.

35.     *Thirty-Fifth Affirmative Defense*.  The Complaint does not describe the claims against Defendants with sufficient particularity to enable Defendants to determine which defenses they have in response to the Complaint. In addition, discovery has not been conducted. Accordingly, Defendants reserve the right to assert all defenses which may be pertinent to the claims set forth in the Complaint once the full nature of the facts and claims that are being asserted is ascertained through discovery.

**WHEREFORE**, Defendants respectfully request that (i) the Court deny judgment to the EEOC; (ii) dismiss the Complaint in its entirety with prejudice; and (iii) award attorneys' fees, costs, and such other and further relief to Defendants as the Court deems just, proper, and equitable.

Dated:  New York, New York
         09 March 2023

                                        SCARINCI HOLLENBECK LLC
                                        *Attorneys for Defendants*

                                        _____
                                        By:     Michael J Sheppeard (MS9115)
                                                msheppeard@sh-law.com
                                        589 8th Avenue
                                        16th Fl
                                        New York, NY 10018
                                        P: 212.286.0747

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 09 March 2023, I caused the foregoing Answer with Affirmative Defenses to be electronically filed using the Court's CM/ECF system which will send a copy to all counsel of record.

By: Michael J Sheppeard (MS9115)
msheppeard@sh-law.com