UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

     *Plaintiff,*

     -vs-

ITUTORGROUP, INC.; TUTOR GROUP LIMITED; and
SHANGHAI PING'AN INTELLIGENT EDUCATION
TECHNOLOGY CO. LTD.,

     *Defendants.*
_____

Case No.: 1:22-cv-2565--PKC-PK

## **CONSENT DECREE**

**WHEREAS,** on May 5, 2022, the EEOC brought this Lawsuit under the Age Discrimination in Employment Act (the "ADEA") alleging unlawful employment practices on the basis of age and seeking to provide appropriate relief to Charging Party Wendy Pincus and a class of similarly aggrieved individuals who were allegedly denied employment as tutors because of their age.

**WHEREAS**, the EEOC specifically alleged that: (i) Defendants iTutorGroup, Inc. ("iTutorUSA"), Shanghai Ping'An Intelligent Education Technology Co., Ltd. ("Shanghai Ping"), and Tutor Group Limited ("Tutor Group") (iTutorUSA, Shanghai Ping, and Tutor Group will be collectively referred to as "Defendants") were providers of English-language tutoring services to students in China under the "iTutorGroup" brand name; (ii) Defendants programmed their application software to automatically reject female applicants over the age of 55 and male applicants over the age of 60; and (iii) in early 2020, Defendants failed to hire Charging Party Wendy Pincus and more than 200 other qualified applicants age 55 and older from the United States because of their age.

1

**WHEREAS**, Defendants filed an Answer to the Complaint denying the EEOC's allegations in their entirety and asserted numerous affirmative defenses.

**WHEREAS**, Defendants have denied and continue to deny all of the allegations of discrimination asserted by Charging Party Wendy Pincus and by the EEOC in this Lawsuit and deny that Defendants engaged in any wrongdoing or illegal activity and specifically dispute, among other things, that any Tutors are, or were, "employees" as the term "employee" is used in the ADEA and other federal and state anti-discrimination laws, instead of independent contractors, and therefore deny that the Tutor Applicants were subject to the ADEA and other similar federal and state anti-discrimination laws.

**WHEREAS**, the EEOC and Defendants have engaged in extensive settlement negotiations and have agreed that the Lawsuit should be resolved by entry of this Decree.

**NOW, THEREFORE,** in consideration of the mutual promises of each party to this Consent Decree (the "Decree"), the sufficiency of which is hereby acknowledged, it is agreed and **IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS**:

**PART I          GENERAL PROVISIONS**

**Section 101    Purpose of this Decree**

A.      The EEOC and Defendants desire to settle the Lawsuit, and therefore do hereby stipulate and consent to entry of this Decree as final and binding between the parties.

B.      The Decree resolves all issues that were raised in the EEOC's Complaint (ECF No. 1), Amended Complaint (ECF NO. 8), and EEOC Charge of Discrimination number 556-2020-00511C, which served as the basis for this case.  This Decree in no way affects the EEOC's right to process any pending or future charges that may have been or will be filed against Defendants, and to commence civil actions on any such charges.  It is understood and agreed that all claims

2

alleged in the Complaint and the underlying EEOC Charge of Discrimination number 556-2020-00511C, including the claims asserted by the EEOC in seeking relief for the Charging Party and Claimants, are resolved by this Decree.

C.      Defendants attest that they are not currently employing or using the services of any Tutor (as defined herein), are not receiving or soliciting applications from Tutor Applicants (as defined herein), and have no plans to do so.

D.      The EEOC and Defendants agree that this Court has jurisdiction over the subject matter of this litigation and the parties, that venue is proper, and that all administrative prerequisites have been met.  No party will contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms.

E.      This Decree does not constitute an admission that any Defendant violated any local, state, or federal ordinance, regulation, ruling, statute, rule of decision, or principle of common law, or that any Person engaged in any improper or unlawful conduct or wrongdoing. The Decree or the payment of any money or other consideration in accord with this Decree will not be deemed or considered to be an admission or indication that any Person engaged in any improper or unlawful conduct or wrongdoing.

F.      The terms of this Decree represent the full and complete agreement of the parties. The parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court.

**Section 102     Definitions**

A.      In this Decree the following terms will have the meanings assigned to them below unless otherwise specified:

1.      "Answer" will mean the Amended Answer and Affirmative Defenses of iTutorGroup, Inc., and Tutor Group Limited, and the Answer and Affirmative Defenses of Shanghai Ping'An Intelligent Educations Technology Co. Ltd. filed in this Lawsuit as ECF No.18 and modified by Joint Stipulation at ECF No. 19.

2.      "Complaint" will mean the Amended Complaint filed in this Lawsuit at ECF No. 8.

3.      "Days" will mean calendar days.

4.      "Effective Date" will mean the date this Decree is docketed by the Clerk of the Court after the Decree has been approved and "So Ordered" by the Court.

5.      "Person" will mean any individual, partnership, limited liability company, limited liability partnership, joint venture, or governmental agency or any agency or political subdivision thereof, firm, corporation, association, trust, unincorporated organization or other entity.

6.      "Pleadings" will mean the Complaint and the Answer.

7.      "Lawsuit" will mean the above-captioned matter, *EEOC v. iTutorGroup, Inc. et al.*, Civil Action No. 1:22-cv-2565-PKC-PK.

8.      "Resumption Date" means the earliest date a Defendant resumes soliciting, receiving, or considering applications for Tutor Applicants or similar positions.

9.      "Resuming Defendant" will mean any Defendant that resumes soliciting, receiving, or considering applications from Tutor Applicants.

10.     "Tutor Applicant" will mean any Person that applies to one or more of the Defendants to be a Tutor.  However, "Tutor Applicant" does not include any Person that: (1) applies from a physical location outside the United States or, to the extent that the IP address can

reasonably be identified by the Resuming Defendant, from an IP address that appears to be from a physical location outside the United States; and (2) gives any Resuming Defendant the reasonable expectation of an intention to provide tutoring services from a physical location outside the United States. Tutor Applicant also does not include any Person that does not apply to any of the Resuming Defendants.

11.     "Tutor" will mean any Person performing tutoring or similar services primarily from a physical location in the United States for or on behalf of any Resuming Defendant, even if such Person is providing services to students physically located in China or other locations outside the United States.

12.     "US Tutor Business" will mean the operation of an electronic, online, or cloud-based platform or business by any of the Defendants whereby Tutors are hired by the Defendants to provide tutoring services.

**Section 103     Applicability of Decree to Successors and Assigns or Upon Purchase, Merger, or Consolidation**

A.     Prior to any sale or other transfer of any business or assets to any entity that has the right to operate the US Tutor Business or establish its own US Tutor Business, Defendants will provide written notice of the Lawsuit, the Pleadings, and the Decree to any potential purchaser or potential transferee, including any entity with which any Defendant may merge or consolidate. Defendants will provide written notice to the EEOC at least twenty-one (21) days before any transfer or sale of any business or assets covered by this paragraph.

**Section 104     Amendments to and Waivers Concerning this Decree**

A.     This Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions.  No waiver, modification, or amendment of any provision

of this Decree will be effective unless made in writing, approved by all parties to this Decree, and approved or ordered by the Court.

**Section 105    Severability**

A.    If one or more provisions of the Decree are rendered or determined to be unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the provisions of this Decree that are not rendered unlawful, unenforceable, or incapable of performance will remain in full force and effect and the parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

**Section 106    Breach of Decree; Governing Law**

A.    A breach of any term of this Decree by any Defendant will be deemed a material and substantive breach of this Decree.  Nothing in this Decree will be construed to preclude the EEOC from bringing proceedings to enforce this Decree if any Defendant fails to perform any of the terms contained herein.  This Decree will be governed by applicable federal law, as applied by the Eastern District of New York.

**Section 107    Notices**

A.    Except as otherwise provided for in this Decree, all notifications, reports, and communications to the parties required under this Decree will be made in writing and will be sufficient as emailed to the following Persons (or their designated successors):

For the EEOC:

> Daniel Seltzer
> Trial Attorney
> Equal Employment Opportunity Commission
> New York District Office
> daniel.seltzer@eeoc.gov
> and

decreemonitor.nydo@eeoc.gov

For Defendants:

Michael J Sheppeard
Scarinci Hollenbeck LLC
150 Clove Road
9th Floor
Little Falls, NJ 07424
Email: msheppeard@sh-law.com

B.    Any party may change such addresses by written notice to the other parties setting forth a new address for this purpose.

**PART II        INJUNCTIVE RELIEF**

**Section 201**

### 201.1  Injunctions

A.    Defendants, their managers, officers, agents, and any other Person acting on behalf of any Defendant, are hereby enjoined from rejecting Tutor Applicants age 40 or over because of age.

B.    Defendants, their managers, officers, agents, and any other Person acting on behalf of any Defendant, are hereby enjoined from: (i) screening Tutor Applicants based on age; and (ii) requesting dates of birth for Tutor Applicants before a job offer is made.  Notwithstanding anything herein to the contrary, the Defendants will be permitted to ask if the Tutor Applicant is over the age of eighteen (18) to determine compliance with any laws, regulations, or ordinances.

C.    Defendants, their managers, officers, agents, affiliates, and any other Person acting on behalf of any Defendant, are hereby enjoined from rejecting Tutor Applicants because of sex or from screening applicants based on sex.

D.    Defendants, their managers, officers, agents, affiliates, and any other acting on behalf of any Defendant, are hereby enjoined from retaliating against any employee, including but

7

not limited to an employee who complains of discrimination, who opposes practices he or she considers to be unlawfully discriminatory with respect to Tutors or Tutor Applicants, and/or who participate in protected activity or who provide information related to complaints of discrimination regarding Tutors or Tutor Applicants.

E.     At least seventy (70) days before the Resumption Date, a Defendant will provide notice to the EEOC that such Defendant intends to become a Resuming Defendant.

### 201.2  Posting and Distribution of Notices Concerning Lawsuit

A.     Within fourteen (14) days of the Effective Date, Defendants will provide the "Notice of Lawsuit and Resolution" (attached as Exhibit A) to all individuals holding a c-level position with the Defendants, the members of the Board of Directors, and the head of human resources for each Defendant.  Defendants will provide written notice to the EEOC within fourteen (14) days of the providing the Notice of Resolution pursuant to this provision.

B.     Provision of Notice and Memo to Employees

1.     No later than fifty-six (56) days before the Resumption Date, a Resuming Defendant will provide to the EEOC for the EEOC's approval a proposed a memo identifying the requirements of federal anti-discrimination laws, including prohibitions on age and sex discrimination in hiring (the "Resumption Memo").

2.     No later than twenty-one (21) days before the Resumption Date, a Resuming Defendant will provide a copy of the Resumption Memo to all employees or independent contractors that may be involved in screening, hiring, or supervising Tutor Applicants or Tutors.  Thereafter, the Resuming Defendant will provide the Resumption Memo to all future employees or independent contractors who may be involved in

8

screening, hiring, or supervising Tutor Applicants or Tutors within ten (10) days of the start of their employment or provision of services.

3.　　No later than ten (10) days after the first distribution required by the immediately preceding paragraph, a Resuming Defendant will provide written notice to the EEOC that it has directly distributed the Resumption Memo or caused to have the Resumption Memo distributed pursuant to Section 201.2.B.2.

4.　　On the Resumption Date and thereafter, a Resuming Defendant will either: (i) post the Resumption Memo or provide a link thereto on the website where Tutor Applicants apply; or (ii) upon submission of a completed application by a Tutor Applicant, provide each Tutor Applicant a copy of the Resumption Memo by email.

5.　　On the date that is six months after the Resumption Date and every six months thereafter, a Resuming Defendant will provide written notice to the EEOC confirming that it has distributed the Resumption Memo in accordance with Sections 201.2.B.2-B.4.  The Resuming Defendant will also identify all employees or independent contractors that may be involved in screening, hiring, or supervising Tutor Applicants or Tutors to whom the Resumption Memo was distributed.

**Section 202　Non-Discrimination Policy and Complaint Procedures**

A.　Content of Non-Discrimination Policies and Procedures

1.　　No later than fifty-six (56) days prior to the Resumption Date, a Resuming Defendant will provide the EEOC with proposed anti-discrimination policies and complaint procedures applicable to the screening, hiring, and supervision of Tutors and Tutor Applicants and setting forth the Resuming Defendant's commitment to equal opportunity in all aspects of employment.  The proposed policies and procedures will, at a minimum, substantively address the

following topics: (i) a detailed explanation of the prohibition against age and sex discrimination, including in hiring; (ii) the assurance that the Resuming Defendant will not retaliate against employees or applicants who complain of discrimination, who oppose practices they consider to be unlawfully discriminatory, and/or who participate in protected activity or who provide information related to complaints of discrimination; (iii) a clearly described complaint process that provides accessible avenues of complaint with a number of choices of individuals to whom complaints can be made, including individuals outside the employee's chain of command and individuals to whom Tutor Applicants or Tutors may complain, including by email; (iv) the designation of a senior manager or executive responsible for the Resuming Defendant's compliance with all EEO laws with respect to the screening and hiring of Tutor Applicants or Tutors; (v) the assurance that the Resuming Defendant will accept any and all complaints from employees or applicants who wish to file complaints; (vi) the assurance that the filing of anonymous complaints is permitted and include safeguards to preserve the anonymity when requested by a complainant; (vii) the assurance that the Resuming Defendant will keep confidential to the extent possible and not publicize unnecessarily the subject matter of the complaints or the identity of the complainants; (viii) a process that provides a prompt, thorough, and effective investigation, including interviewing the complainant and all witnesses and obtaining and reviewing all material documents identified by the complainant or respondent to the extent necessary to reach a reasonable conclusion concerning the allegations; (ix) a requirement that all aspects of an investigation be thoroughly documented in written form; (x) assurance that upon completion of an investigation into a discrimination complaint, the complainant and the respondent will promptly receive a summary of the conclusions reached as a result of the investigation; and

(xi) the assurance that the Resuming Defendant will take prompt and appropriate corrective action when it determines that discrimination has occurred ("Policies and Procedures").

     **B.**     Adoption and Issuance of Policies and Procedures

     1.     No later than twenty-one (21) days before the Resumption Date, a Resuming Defendant will: (i) formally adopt the Policies and Procedures; (ii) substantively incorporate the Policies and Procedures in its Employee Handbook; (iii) make the Policies and Procedures available on any company website that makes other human resources information or policies available to employees; and (iv) distribute to each employee a copy of the Policies and Procedures.  Thereafter, each employee will be provided with the Policies and Procedures within ten (10) days of the commencement of such employee's employment.

     2.     No later than ten (10) days after the adoption and first distribution required by the immediately preceding paragraph, a Resuming Defendant will provide written notice to the EEOC that it has adopted and directly distributed the Policies and Procedures or caused to have the Policies and Procedures distributed pursuant to Section 202.B.1.

     3.     On the Resumption Date and thereafter, a Resuming Defendant will either: (i) post the Policies and Procedures or provide a link thereto on the website where Tutor Applicants apply; or (ii) upon submission of a completed application by a Tutor Applicant, provide each Tutor Applicant a copy of the Policies and Procedures by email.

     4.     On the date that is six months after the Resumption Date and every six months thereafter, a Resuming Defendant will provide written notice to the EEOC that it has distributed the Policies and Procedures in accordance with Section 202.B.1-3.  The Resuming Defendant will also identify all employees or independent contractors that may be involved in

11

screening, hiring, or supervising Tutor Applicants or Tutors to whom the Policies and Procedures were distributed.

**Section 203    Training**

    A**.**    Initial Training

        1.    Timing and Requirements of Training

        (i)    A Resuming Defendant will be required to provide four-hour training programs conducted by third parties, both of which must be approved by the EEOC, for all supervisory and management employees, as well as any employees or independent contractors who may be involved in screening, hiring, or supervising Tutor Applicants and Tutors. The training programs will include: (a) a review of the obligations of Defendants under federal anti-discrimination laws and how such laws define unlawful discrimination with a focus on hiring and age- and sex-based discrimination; (b) instruction on the requirements of all Federal applicable equal opportunity laws including, but not limited to, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Equal Pay Act, and the Genetic Information Nondiscrimination Act; (c) a review of Defendants' Policies and Procedures; (d) examples of unlawful conduct, including age-based screening and rejection of applicants; and (e) instruction concerning an employee's or applicant's right to file with the EEOC (the "Training Program").

        (ii)    No later than fifty-six (56) days prior to the Resumption Date, a Resuming Defendant will submit to the EEOC for its approval the identity of the third party conducting the Training Program and all materials to be used by such third party for the Training Program.  Such submission will contain: (a) a detailed agenda with all training materials; (b)

curriculum vitae for the individual(s) who will conduct the training; and (c) a plan to ensure that all necessary Persons receive the required training.

(iii)     No later than twenty-one (21) days before the Resumption Date, a Resuming Defendant will provide the Training Program to all supervisory and management employees, as well as any employees or independent contractors who may be involved in screening, hiring, or supervising Tutor Applicants or Tutors.

B.     Continued Training and Training for New Employees

1.     On the Resumption Date and thereafter, a Resuming Defendant will provide the Training Program to: (a) new supervisory and management employees, as well as any employees or independent contractors, who may be involved in screening, hiring, or supervising Tutor Applicants or Tutors, within thirty (30) days of the commencement of their employment or provision of services; and (b) on an annual basis no later than the anniversary of the Resumption Date, to all supervisory and management employees, as well as any employees or independent contractors who may be involved in screening, hiring, or supervising Tutor Applicants or Tutors.

C.     Reporting Requirements for Training

1.     All persons attending any training session described in the above paragraphs will print and sign their full names on an attendance sheet.  Within ten (10) days of the completion of any Training Program described in Section 203.A.1.iii, a Resuming Defendant will provide the EEOC with copies of all attendance sheets and a then-current employee list.

2.     On the date that is six months after the Resumption Date and every six months thereafter, a Resuming Defendant will provide the EEOC with attendance sheets for any Training Program described in Section 203.B.1 and a list of the employees, if any, who have not met their initial or annual requirements.

13

D.    Pre-Training Notification Requirement

1.    At least fourteen (14) days prior any Training Program that is required under this Section and is conducted live, a Resuming Defendant will provide the EEOC with written notice of the date, time, and location of the training.  The EEOC, at its discretion and expense, may attend and observe such training.

**Section 204    Monitoring and Reporting**

A.    Monitoring by the EEOC

1.    The EEOC may monitor the compliance of any Resuming Defendant with this Decree through the inspection of the premises and records of the Defendant, and interviews with the Defendant's officers, agents, employees, and independent contractors at reasonable times. The Defendant will make available for inspection and copying any records related to this Decree upon request by the EEOC.  Any activities undertaken by the EEOC pursuant to Section 204.A.1 will be at the EEOC's expense.

B.    Reporting Requirements for Discrimination Complaints

1.    On the date that is the Resumption Date and every six months thereafter, a Resuming Defendant will provide written notice to the EEOC concerning any verbal or written complaints of discrimination from employees or applicants that were received, pending, or closed during the preceding six months.  Such written notice will include the name of the complainant; a list of each step taken by the Resuming Defendant during the investigation; a summary of the complaint, the location; the results of any investigation of the complaint; and any remedial action taken by the Resuming Defendant.

14

C.      Delay in Approvals by the EEOC

1.      To the extent any document or performance of an action must be approved by the EEOC, the EEOC will provide a written response no later than ten (10) days from the request for approval.  That response may be an approval, a denial of approval, or a request that Defendant modify the document or action.  For every day beyond ten (10) days that the EEOC delays a response, the immediately subsequent deadline that is dependent on the approval of the EEOC will be extended by an additional day.

**Section 205    Compliance with Record-keeping Requirements**

A.      Defendants agree to maintain such records required by 29 C.F.R. §1602 et seq. (to the extent that such is applicable) and such records as are reasonable and necessary to demonstrate their compliance with this Decree and to verify that written notices submitted pursuant to this Decree are accurate.

**PART III      MONETARY RELIEF**

**Section 301    Monetary Payment to Claimants and Hiring Preference**

A.      Within twenty-one (21) days of the Effective Date, Defendants will pay or cause to be paid the total gross sum of $365,000 (the "Settlement Amount") to American Legal Claim Services, LLC ("Claims Administrator") to be placed in a segregated, interest-bearing Qualified Settlement Fund ("Claims Fund") under Section 468(b) of the Internal Revenue Code.

B.      The Settlement Amount will be distributed among certain Tutor Applicants who: (1) were allegedly rejected by Defendants because of age in March and April 2020; and (2) provide the EEOC with the necessary information needed for the EEOC to determine their eligibility and facilitate payment ("Claimants").  The distribution of the Settlement Amount to the Claimants will

be at the EEOC's sole discretion; Defendants may not challenge the distribution to the Claimants in any way.

C.      Defendants will provide the EEOC with any reasonably necessary information requested that is in the possession, custody, or control of the Defendants, including all contact information any of the Defendants may have for Claimants and other persons that are reasonably believed to be potential Claimants.

D.      For each gross payment received by a Claimant, half of such payment will be treated as compensatory damages and half will be treated as backpay.

E.      In order to receive payment, Claimants will sign a release in the form attached hereto as Exhibit B and provide the signed release to the Claims Administrator.  A copy of all signed releases will be provided to Defendants.

F.      At a time or times of the EEOC's choosing, the EEOC will cause the Claims Administrator to send checks for compensatory damages and IRS form 1099 via certified or other trackable mail to the Claimants identified by EEOC.

G.      At a time or times of the EEOC's choosing, the EEOC will cause Claims Administrator to send checks for backpay (the "Backpay Payment") and IRS form W-2 via certified or other trackable mail to the Claimants identified by the EEOC.  The Claims Administrator will make all required withholdings for applicable federal, state, and local income taxes and the Claimant's share of federal payroll taxes from the Backpay Payment.  Defendants will be responsible for any tax obligation Defendants incur from of these payments, including the employer's share of federal payroll taxes, with such amounts being in addition to Defendants' payment in Paragraph 301.A, above.

H.      Defendants will be solely liable for the Claims Administrator's expenses.  This liability is in addition to the payment described in Paragraph 301.A, above.

I.      No later than twenty-one (21) days before the Resumption Date, a Resuming Defendant will contact by email all applicants who were purportedly rejected by Defendants because of age in March and April 2020, provide the Notice of Lawsuit and Resolution, and invite them to reapply.  The text of the email must be provided to the EEOC for its approval no later than fifty-six (56) days before the Resumption Date.  The EEOC may supply additional email addresses for such applicants.

J.      A Resuming Defendant will interview any applicants notified in Paragraph 301.I who reapply.

K.      Within two months of the Resumption Date, a Resuming Defendant will provide a report to the EEOC that includes the following information: (1) the names and contact information of all applicants who were rejected by Defendants because of age in March and April 2020 and who reapplied; (2) the outcome of each applicant's application and interview; and (3) to the extent any applicant who reapplied was not offered a tutoring position, a detailed explanation as to why an offer was not made.

**Section 302:   The EEOC's Reporting Requirements under IRC Sections 162(f) and 6050X**

A.      The EEOC may be required to report the fact of this settlement to the Internal Revenue Service ("IRS") under Section 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes.  If the EEOC is required to do so, the EEOC will provide Defendants with a copy of the 1098-F form that it will provide to the IRS.

B.      Defendant iTutorGroup, Inc.'s EIN is 46-5430481.  Defendants Shanghai Ping and

17

Tutor Group Limited do not have EINs.

      C.      If the EEOC is required to issue form 1098-F to any of the Defendants, the EEOC will send a copy, by regular mail and email, to:

> Michael J Sheppeard
> SCARINCI HOLLENBECK LLC
> 150 Clove Road
> 9th Floor
> Little Falls, NJ 07424
> Email: msheppeard@sh-law.com

      D.      The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.  Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.  The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

**PART IV      SIGNATURES**

      A.      Each signatory to this Decree represents that (s)he is fully authorized to execute this Decree and to bind the parties on whose behalf (s)he signs.

**PART V      DURATION OF DECREE**

      A.      This Decree will remain in effect for five (5) years from the Effective Date of this Decree or three (3) years from the Resumption Date, whichever is later; provided, however, that in the event that: (1) the EEOC has notified Defendants in writing not less than twenty-one (21) days in advance of the expiration of this Decree that any Defendant is not in compliance with any section of this Decree and providing reasonable detail of such non-compliance; or (2) there is an

enforcement action pending concerning this Decree by the EEOC against any Defendant, this Decree will remain in effect against Defendants until the EEOC determines that Defendants are in compliance or such enforcement action is resolved.

B.      The Court will retain jurisdiction over this lawsuit for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein.  Upon the Effective Date, the matter may be administratively closed but will not be dismissed.

C.      In the event that any party to this Decree believes that any other party has failed to comply with any provision(s) of the Decree, the complaining party will notify the allegedly non-complying party in writing of the alleged non-compliance within fourteen (14) days of learning of the alleged non-compliance and will afford the alleged non-complying party fourteen (14) days to remedy the non-compliance or otherwise demonstrate compliance.  If the alleged non-complying party has not remedied the alleged non-compliance within fourteen (14) days, the complaining party may apply to the Court for appropriate relief.  This paragraph will not apply to the EEOC in the event that it determines that providing such notice concerning the alleged non-compliance will negatively affect the public interest.

D.      Solicitations by third parties will not be subject to this Consent Decree if no Defendant has control or involvement in the solicitations.  Solicitations by a Defendant or by third parties where a Defendant has control or involvement in the solicitations will not be subject to this Consent Decree if: (1) Defendants exercise reasonable means to ensure that such solicitations are not accessible to individuals in the United States; or (2) where such reasonable means are not available or may be ineffective, Defendants ensure that highly visible disclaimers are posted on the solicitations making it clear that they are not intended for applicants from the United States.

E.      Once the Consent Decree is no longer in effect, Defendants may request that the

EEOC execute a stipulation of discontinuance with prejudice and the EEOC will provide such

within ten (10) days of such request.

APPROVED IN FORM AND CONTENT:

For Plaintiff EEOC:

_____

JEFFREY BURSTEIN
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3770
jeffrey.burstein@eeoc.gov

For Defendants:

_____

SCARINCI HOLLENBECK LLC
Michael J Sheppeard

589 8th Avenue, 16th Floor
New York, NY 10018
Ph.: (212) 286-0747
msheppeard@sh-law.com

SO ORDERED this _____ day of August, 2023.

_____
Hon. Pamela K. Chen
United States District Judge

**EXHIBIT A: Notice**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY  10004-2112
(212) 336-3620
TTY (212) 336-3622
General FAX (212) 336-3625

# NOTICE TO ALL EMPLOYEES OF LAWSUIT & SETTLEMENT

This Notice is being posted pursuant to a Consent Decree entered in resolution of a lawsuit brought by the U.S. Equal Employment Opportunity Commission (the "EEOC") in federal court in the Eastern District of New York.  In its lawsuit, the EEOC alleged that Defendants iTutorGroup, Inc.; Shanghai Ping'An Intelligent Education Technology Co., Ltd.; and Tutor Group Limited—providers of English-language tutoring services to students in China under the "iTutorGroup" brand name—programmed their application software to automatically reject female applicants over the age of 55 and male applicants over the age of 60 and that in early 2020, Defendants failed to hire more than 200 qualified tutor applicants age 55 and older from the United States because of their age.

Defendants iTutorGroup, Inc.; Shanghai Ping'An Intelligent Education Technology Co., Ltd.; and Tutor Group Limited denied the EEOC's allegations in their entirety, denied that any of the Defendants were engaged in any wrongdoing or illegal activity, and asserted numerous affirmative defenses.

The EEOC and Defendants have engaged in extensive settlement negotiations and have agreed that the Lawsuit should be resolved by entry of the Consent Decree.

Federal law prohibits employers from discriminating against applicants and employees based on age, national origin, religion, race, color, sex, disability, or genetic information. Defendants, and their managers, officers, and agents, will support and comply with Federal law prohibiting discrimination against any employee or applicant for employment because of an individual's age.

Pursuant to the Consent Decree, Defendants paid money damages to the claimants who were allegedly subject to discrimination, provided this notice to certain executives and human resources employees, and upon the resumption of United States-based tutoring:

1.  Are enjoined from engaging in age- or sex-based discrimination against United States-based tutoring applicants or retaliation against any person

21

who exercises his or her rights under United States Federal anti-discrimination laws;

2.      Will maintain and distribute written policies and procedures prohibiting discrimination and enabling United States-based tutoring applicants and United States-based tutors to file discrimination complaints;

3.      Must provide training on United States Federal laws prohibiting employment age- and sex-based discrimination in hiring to all managers and employees involved in hiring United States-based tutoring applicants and United States-based tutors;

4.      Must permit the EEOC to monitor compliance with the Consent Decree; and

5.      Will provide the EEOC with periodic reports on complaints of discrimination concerning United States-based tutoring applicants and United States-based tutors.

Should you have any complaints or questions regarding employment discrimination, contact the EEOC at:

Equal Employment Opportunity Commission
(800) 669-4000
Website: www.eeoc.gov

Dated:_____

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL**

The Consent Decree remains in effect for five (5) years from its effective date or three (3) years from the date that any Defendant resumes United States-based tutoring. Any questions concerning this Notice or compliance with its provisions may be directed to the U.S. Equal Employment Opportunity Commission at the number listed above.

**Exhibit B: Release Language**

In consideration for money paid to me by Defendants iTutorGroup, Inc.; Shanghai Ping'An Intelligent Education Technology Co., Ltd.; and Tutor Group Limited (collectively, "Defendants") in connection with the resolution of *EEOC v. iTutorGroup, Inc. et al.*, Civil Action No. 1:22-cv-2565-PKC-PK, I remise, release, waive, and forever discharge my right to recover for any claims of age-based discriminatory hiring that I had prior to the date of this release that (i) arose under the Age Discrimination in Employment Act against Defendants iTutorGroup, Inc., Shanghai Ping'An Intelligent Education Technology Co., Ltd., and Tutor Group Limited, whether jointly and/or severally, and (ii) were included in the claims alleged in the EEOC's complaint, as the same may have been amended, *in EEOC v. iTutorGroup, Inc. et al.*, Civil Action No. 1:22-cv-2565-PKC-PK

Date: _____    Printed Name:_____

Signature:_____